UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA RICCI, | No. 2:17-cv-02673-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (ECF No. 19), which is premised in part on the argument that this Court should abstain from hearing this case because a challenge to the underlying custody proceedings remains pending before California's Third District Court of Appeal. Based on this Court's review of the docket in that case, it appears those proceedings have terminated with the appellate court affirming the challenged custody order.[1] Accordingly, the Court directed the parties to file supplemental briefs regarding how the termination of those proceedings impacts the case before this Court. ECF No. 26. Supplemental briefs were timely filed (ECF Nos. 27, 28), and for the following reasons, this case is DISMISSED with leave to amend.[2]

---

[1] See In re J.A., No. C085328, 2018 WL 3545044, at *12 (Cal. Ct. App. July 24, 2018).

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1

According to Plaintiff's operative First Amended Complaint ("FAC"), her substantive and procedural due process rights were violated when County of Sacramento social workers investigating a domestic violence report initiated and pursued dependency proceedings that resulted in an award of sole physical and legal custody of her child, J.A., to the child's father. FAC, ECF No. 17, at 3–5. Plaintiff contends that no domestic violence occurred and that County policies exacerbated her injuries. Id. Plaintiff further alleges that despite the social workers' actions being unlawful, she nevertheless tried to cooperate with Defendants to regain custody of J.A., but her efforts were for naught because the social workers fabricated allegations and made false statements in the Family and Juvenile Courts. Id.

The problem with Plaintiff's arguments is that the facts underlying the propriety of the state investigation were directly before the state appellate court when Plaintiff challenged the Juvenile Court's custody decision. These facts cannot be relitigated here, as state judicial proceedings receive the same full faith and credit in every federal court as they would have in the courts of the state in which the matter originated. 28 U.S.C. § 1783. The United States Supreme Court succinctly described the doctrine of res judicata as follows:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. By "preclude[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserve[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."

Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (citations omitted). Any decision of this Court in Plaintiff's favor would run contrary to the facts already adjudicated in the state proceeding. Given that, Plaintiff's instant claims shall be DISMISSED.

Accordingly, for the reasons just stated, Defendants' Motion to Dismiss (ECF No. 19) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may (but is not required to) file a second amended complaint. If no second amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: February 11, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE