UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA RICCI,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, GIA SAVOY, DAVID CHERNOW, and Does 1 through 50, Inclusive,<br><br>Defendants. | No. 2:17-cv-2673-MCE-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Several motions are pending in this action, which are addressed herein:

1. Defendants' motion to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 52);

2. Plaintiff's motions to amend the complaint (ECF Nos. 51, 59, 66)[1];

3. Defendants' motions to strike plaintiff's third and fourth amended complaints for failure to comply with Rule 15 (ECF Nos. 53 & 65); and

---

[1] Subsequent to filing her second amended complaint, plaintiff filed—without defendants' consent or leave of court—third and fourth amended complaints. ECF No. 51 & 59. After defendants moved to strike the third and fourth amended complaints, plaintiff moved for leave to amend her complaint. ECF No. 66. Submitted with the motion was a copy of plaintiff's fourth amended complaint, which she mistakenly labels as a second amended complaint. *See id.* at 38-68.

1

1. 4. Plaintiff's motions to vacate judgment (ECF Nos. 60 & 73).

For the following reasons, it is recommended that defendants' motion to dismiss be granted and all remaining motions be denied.[2]

I. Procedural History

This action arises out of the County of Sacramento's investigation into a report of domestic violence, which led to child dependency proceedings and custody of plaintiff's minor child, J.A., being awarded to the child's father. ECF No. 1 at 3-4. Defendants previously moved to dismiss plaintiff's first amended complaint, arguing, among other things, that the court should abstain from hearing this case because the underlying custody proceeding remained pending before California's Third District Court of Appeal. ECF No. 19. While that motion was pending, the state appellate proceedings concluded. Accordingly, the assigned district judge ordered the parties to file supplemental briefs addressing how termination of the state court proceedings impacted the instant action. ECF No. 26. After those briefs were submitted, the court granted defendants' motion to dismiss the first amended complaint with leave to amend, finding that plaintiff's claims were barred by the doctrine of *res judicata*. ECF No. 29. In reaching that conclusion the court noted that "[a]ny decision of this Court in Plaintiff's favor would run contrary to the facts already adjudicated in the state proceeding." *Id*. at 2.

Plaintiff's attorney subsequently moved to withdraw as counsel. ECF No. 31. After that motion was granted[3], plaintiff filed a second amended complaint. ECF No. 50. Less than a week later, plaintiff filed a third amended complaint. ECF 51. Defendant then moved to dismiss the second amended complaint pursuant to Rule 12(b)(6) (ECF No. 52) and to strike the third amended complaint (ECF No. 53). In response, plaintiff filed a fourth amended complaint (ECF

---

[2] The court determined that oral argument would not be of material assistance to the court, and defendants' motions were submitted without oral argument. Eastern District of California Local Rule 230(g).

[3] After plaintiff's counsel withdrew, the matter was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). Plaintiff failed to notice her motions for hearing in violation of Local Rules 230(c). Nevertheless, the court finds it appropriate to resolve each motion on the briefs and without oral argument.

2

1 | No. 59) and a document styled as a "Motion to Vacate Judgement for Fraud on the Court" (ECF
2 | No. 60). Defendant subsequently moved to strike the fourth amended complaint. ECF No. 73.
3 | Thereafter, plaintiff filed a motion to amend the complaint (ECF No. 66) and an amended motion
4 | to "Vacate Judgment for Fraud on the Court" (ECF No. 73).

II. Defendants' Motion to Dismiss

    A. Rule 12(b)(6) Standards

A complaint may be dismissed pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light

/////

most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

  B.  Discussion

  Defendants argue that the facts alleged in plaintiff's second amended complaint do not "materially differ" from the facts alleged in her first amended complaint. ECF. No. 52-2 at 3. Therefore, defendants argue that the second amended complaint should also be dismissed as barred by the doctrine of *res judicata*. *Id.* at 5.

  Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). In dealing with the judgment of a state court, federal courts must look to the preclusion rules of the relevant state to determine whether a decision is preclusive. *Miofsky v. Superior Court of California*, 703 F.2d 332, 336 (9th Cir. 1983). In California, *res judicata*, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004). Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action. *Id.* at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

  In the state court custody proceedings, the appellate court affirmed the trial court's decision to award full custody of J.A. to his father.[4] ECF No. 52 at 15. In its decision, the state court observed that the evidence showed: (1) that the dependency proceedings were initiated because there was domestic violence between the parents; (2) that both parents signed an informal

---

[4] Defendants' request for judicial notice of state court records is granted. *See* ECF No. 52 at 1-2; *see also, e.g. Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings . . . .").

4

supervision agreement to participate in services that addressed domestic violence; (3) that the father participated in the services and benefitted from them; and (4) that the mother (plaintiff) was reluctant to participate in the services, was uncooperative with social workers and the courts, and refused to participate in a mental health assessment. *Id.* at 14-15. The appellate court concluded that this evidence showed that awarding custody to plaintiff would not be in the best interest of J.A. *Id.* at 15.

In the instant action, plaintiff alleges claims for violation of her substantive and procedural due process rights under 42 U.S.C. §§ 1983 and 1985. ECF No. 50 at 9-15. But like her earlier complaint, the second amended complaint's claims are predicated on factual allegations that contradict the state court's findings.[5] Specifically, the second amended complaint alleges that the removal of plaintiff's children from her custody was improper because: (1) no domestic violence occurred between plaintiff and J.A.'s father, and (2) plaintiff cooperated with social workers and the state family court by participating in domestic violence services and submitting a mental health assessment. *Id*. at 4-5. As plaintiff was previously notified, granting her relief based on these allegations would necessarily "run contrary to the facts already adjudicated in the state proceeding." ECF No. 29; *see United States v. Cnty. Of Maricopa, Arizona*, 889 F.3d 648, 654 (9th Cir. 2018).

Accordingly, plaintiff's second amended complaint must also be dismissed. The dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). As discussed below, plaintiff has filed several amended complaints that also fail to demonstrate plaintiff's right to relief.

/////

/////

---

[5] Plaintiff's second amended complaint is nearly identical to his first amended complaint, with only minor changes that have no bearing on her claims.

III. Plaintiff's Motions to Amend

Shortly after filing the second amended complaint, plaintiff filed a third amended complaint. ECF No. 51. She subsequently filed a fourth amended complaint (ECF No. 59), which was eventually followed by a motion for leave to amend the complaint (ECF No. 66).

Because plaintiff already amended her complaint as a matter of course, she may only amend her complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

The third amended complaint is virtually identical to her second amended complaint, containing minor stylistic changes and adding only limited background information that is not pertinent to plaintiff's claims. *Compare* ECF No. 50 *with* ECF No. 51. Consequently, plaintiff's proposed third amended complaint fails to state a claim for the same reason her prior complaints failed to state a claim. Thus, the third amended complaint would be futile.

Plaintiff's proposed fourth amended complaint also continues to allege substantive and procedural due process claims based on the same allegations contained in her prior complaints. ECF No. 59 at 2-4, 7-10. However, unlike the earlier complaints, the fourth amended complaint also alleges claims for intentional infliction of emotion distress and for violation of the of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c). ECF No. 59

at 10-12. Plaintiff also adds new allegations concerning the infiltration of her place of employment by a criminal organization.

As for the RICO claim, plaintiff alleges that she was previously employed as a mental health worker at Telecare. *Id*. ¶ 48. She claims that Telecare was "infiltrated by a criminal syndicate from" Folsom prison after Cathi Stoffan, a registered nurse, transferred to Telecare's Placer County facility, the location where plaintiff worked. *Id*. ¶¶ 48-49. Stoffan allegedly began hiring individuals related to inmates or with connections to criminal entities. *Id*. ¶ 50. The newly-hired staff ensured that narcotic and psychotropic medications were ordered for patients scheduled to be transferred or discharged. *Id*. ¶ 56. These medications were then distributed to gang members to be sold. *Id*. ¶¶ 58, 110. Plaintiff further alleges that Stoffan bragged about her relationship with the director of Child Protective Services and informed plaintiff that she would never get her kids back. *Id*. ¶ 69. Plaintiff also claims that because she refused to participate in Stoffan's drug trafficking scheme, "her children are being kept from her and . . . she can no longer work in her area of expertise." *Id.* ¶ 110.

These allegations are insufficient to state a RICO claim. "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1086 (9th Cir. 2002). Thus, to state such a claim plaintiff's complaint must allege facts that, if true, establish each of those elements. Plaintiff has not sufficiently alleged that she sustained an injury to her business or property as a result of the drug trafficking enterprise. Although she does claim that she was injured "financially" and "can no longer work in her area of expertise." (ECF No. 59 ¶ 110), these vague and conclusory allegations fail to demonstrate plaintiff suffered a "concrete financial loss." *See Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005) (en banc) (per curiam) ("RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in 'concrete financial loss.'"). These conclusory allegations also fail to establish that plaintiff's injuries were caused by defendants' conduct. *Painters and Allied Traders Dist. Council 82 Health Care Fund v. Takeda Pharmaceuticals Co.*

7

*Ltd.*, 943 F.3d 1243, 1249 (9th Cir. 2019) (to establish causation for purposes of RICO, a plaintiff must allege "some direct relation between the injury asserted and the injurious conduct alleged.").

Furthermore, plaintiff's claim that the alleged racketeering activity somehow precluded her from being reunited with her children also fails to establish an economic injury. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) ("Civil rights violations . . . do not fall within the statutory definition of 'racketeering activity'" and thus cannot support a RICO violation). Accordingly, plaintiff fails to state a claim under RICO.

Plaintiff's remaining claim is for intentional infliction of emotional distress. But plaintiff has not sufficiently alleged a federal claim that could support supplemental jurisdiction over this state law claim. Nor does the fourth amended complaint demonstrate that the parties' citizenship is diverse, thereby failing to establish an independent basis for jurisdiction over the claim. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (plaintiff must specifically allege the diverse citizenship of all parties to invoke diversity jurisdiction).[6]

Accordingly, granting plaintiff leave to amend would be futile, and her motion to amend must be denied. *See Noll*, 809 F.2d at 1448.

IV. Plaintiff's Motions to Vacate Judgment

Plaintiff has filed two motions to vacate a judgment pursuant to Rule 60(d)(3). ECF Nos. 60 & 73. Plaintiff requests that the court vacate an unspecified judgment[7] entered against her "on the grounds that said judgment was procured through fraud on the Court . . . ." ECF No. 60 at 1-2; ECF No. 73 at 3.

As far as the court can discern, plaintiff seeks to have this court vacate a judgment entered by the state court in the underlying custody proceedings. This court lacks jurisdiction to provide

---

[6] Although plaintiff does not specify her citizenship, she does allege that she is a resident of California, suggesting she is a California citizen. ECF No. 59 ¶ 1. Defendant County of Sacramento is also a California citizen for purposes of diversity jurisdiction. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States.").

[7] Plaintiff first seeks "an order vacating the judgment entered against them on 02/19/2019 . . . ." ECF No. 73 at 2. However, in the same motion, plaintiff states that "[j]udgment was entered against Plaintiffs on July 24, 2018." *Id.* at 3.

such relief under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars jurisdiction in federal court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 1995) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court decision. *Id.* at 900 n. 4; *see also Bianchi*, 334 F.3d at 898 (finding no subject matter jurisdiction over a section 1982 claim seeking the state appellate court's decision vacated).

Accordingly, plaintiff's motions to vacate judgment must be denied.

V. <u>Conclusion</u>

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 52) be granted and plaintiff's second amended complaint be dismissed without leave to amend;

2. Plaintiff's motions for leave to amend the complaint (ECF Nos. 51, 59, 66) be denied;

3. Defendants' motions to strike plaintiff's third and fourth amended complaints (ECF Nos. 53 & 65) be denied as moot;

4. Plaintiff's motions to vacate judgment (ECF Nos. 60 & 73) be denied; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9